**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| CHRISTOPHER A. WAGNER, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 3:19-00294 |
| § | |
| LORIE DAVIS, § | |
| § | |
| Respondent. § | |

## ORDER OF DISMISSAL

Petitioner Christopher A. Wagner (#65237) is incarcerated at the Chambers County Jail. He has filed a petition for habeas corpus (Dkt. 1) regarding criminal charges currently pending against him. After considering all the pleadings and applicable law, the Court concludes that the petition must be **DISMISSED** without prejudice for reasons that follow.

**I.  BACKGROUND**

Plaintiff Wagner is a pretrial detainee in the Chambers County Jail. Publicly available online records from Chambers County reflect that that Wagner was indicted for evading arrest or detention with a motor vehicle under Texas Penal Code § 38.04(b)(2)(A) and that pretrial proceedings are ongoing. *See* Case Information for *State of Texas v. Christopher Asher Wagner*, Case No. 19DCR0124, 344th District Court for Chambers County (available at https://txchambersportal.tylerhost.net/Portal/Home/Dashboard/29) (last visited Aug. 30, 2019). Wagner is represented by

court-appointed counsel (*id*.). Currently, docket call is set for September 18, 2019, at 9:00 a.m (*id*.).

Wagner's petition (Dkt. 1) brings claims regarding the criminal prosecution against him in Case No. 19DCR0124. He claims that his due process rights have been denied because he has not been allowed access to court, that he is wrongfully incarcerated based on a falsified indictment, that evidence has been destroyed, that he is the victim of "official oppression," and that the judge presiding over his criminal case has improperly failed to dismiss the case. He seeks his immediate release and financial restitution.

Wagner recently filed a civil rights complaint in this Court, Civil Action No. 3:18-0119, which also brings claims regarding his criminal prosecution.

## II. DISCUSSION

Wagner filed his habeas petition on a form used for petitions that challenge a state conviction under 28 U.S.C. § 2254. Because Wagner is a pretrial detainee, his petition is governed by 28 U.S.C. § 2241, which authorizes a federal writ of habeas corpus if a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A state pretrial detainee may seek a federal writ of habeas corpus under § 2241 only if the following two prerequisites are met: the petitioner must be in custody for purposes of § 2241(c); and the petitioner must have exhausted available state remedies. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Although Wagner meets the

first prerequisite for review because of his confinement at the Chambers County Jail, he does not meet the second prerequisite because it is apparent from the pleadings that he has not exhausted available state court remedies before seeking relief in federal court.

To exhaust remedies in Texas, a petitioner must present his claims to the Texas Court of Criminal Appeals by filing an appeal followed by a petition for discretionary review or by filing an application for a writ of habeas corpus. *See Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (exhaustion may be accomplished directly in a petition for discretionary review or collaterally in a habeas corpus petition). In the pre-conviction context, a Texas prisoner confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. § 11.08. If the trial court denies habeas relief under Article 11.08, the prisoner's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See*, *e.g.*, *Ex parte Twyman*, 716 S.W. 2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981)).

Wagner acknowledges that he has not presented his allegations for review by the Texas Court of Criminal Appeals (Dkt. 1, at 3-4). He does not allege facts showing that this remedy is unavailable to address his constitutional claims. Nor does he otherwise show that exceptional circumstances are present or that federal court intervention is warranted. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971) (explaining that federal

courts cannot interfere in state criminal proceedings unless extraordinary circumstances are present).

The Court therefore concludes that the pending federal habeas petition must be dismissed without prejudice for lack of exhaustion.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. Where the petitioner is a prisoner in state custody, this requirement also applies to petitions for relief under 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show

not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that:

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED without prejudice** for failure to exhaust state remedies.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 30th day of August, 2019.

George C. Hanks Jr.
United States District Judge